NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FELICIANA G. REYES,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2018-2423

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-2471, Chief Judge Robert N. Davis.

_____

Decided: October 11, 2019

_____

LOUIS STEFAN MASTRIANI, Adduci, Mastriani & Schaumberg, LLP, Washington, DC, argued for claimant-appellant. Also represented by SETH ALAIN WATKINS, Watkins Law & Advocacy, PLLC, Washington, DC.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN

MISHA PREHEIM; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before STOLL, PLAGER, and CLEVENGER, *Circuit Judges.*

PER CURIAM.

Feliciana Reyes appeals from the decision of the Court of Appeals for Veterans Claims affirming the denial of her claim for a one-time payment from the Filipino Veterans Equity Compensation Fund established by Section 1002 of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, 123 Stat. 115, 200–02 (2009). The Department of Veterans Affairs denied her claim because the Department of the Army "could not certify" that Ms. Reyes had served as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces. J.A. 4.

Ms. Reyes filed her claim in February 2010, when she was eighty-two years old. After lengthy proceedings before the Board of Veterans' Appeals and the Court of Appeals for Veterans Claims, her appeal first reached this court in September 2018. Following expedited briefing, this case was submitted after oral argument on December 3, 2018. Ms. Reyes died shortly thereafter on December 22, 2018. Counsel for Ms. Reyes then moved for entry of judgment *nunc pro tunc.*

"A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case." *Mitchell v. Overman*, 103 U.S. 62, 65 (1880). The Supreme Court has consistently entered judgment *nunc pro tunc* "[w]here a party dies after his case is submitted, but before the opinion issues, and the case would otherwise be rendered moot." *Padgett v. Nicholson*, 473 F.3d 1364, 1367 (Fed. Cir. 2007) (collecting cases). Indeed, the death of a party following submission but prior to

judgment is the "paradigm case" for retroactively entering judgment on a *nunc pro tunc* basis. *Id.* (quoting *Weil v. Markowitz*, 898 F.2d 198, 201 (D.C. Cir. 1990)). In view of the circumstances of this particular case, we agree that justice requires *nunc pro tunc* relief here.

Turning to the merits of Ms. Reyes's appeal, this court recently considered an appeal from a similarly situated claimant in *Dela Cruz v. Wilkie*, 931 F.3d 1143 (Fed. Cir. 2019). In *Dela Cruz*, we held that the Department of Veterans Affairs can generally rely on the service department's determination of service in deciding eligibility for payment from the Filipino Veterans Equity Compensation Fund. 931 F.3d at 1152. But we further held that in this particular context, the VA cannot rely on the service department's determination without giving the veteran a meaningful opportunity to challenge his or her service record. *Id.* The Government represented to the *Dela Cruz* court that the Army Board for Correction of Military Records will consider such an application. *Id.* at 1151.

The rationale of *Dela Cruz* applies equally to this appeal. Ms. Reyes's proper avenue for relief is to seek a correction of her service record from the Corrections Board, as the Secretary conceded in his brief to this court. *See* Respondent-Appellee's Br. 8; *Dela Cruz*, 931 F.3d at 1151–52. There should be no misunderstanding: as *Dela Cruz* noted, it is appropriate for the VA to seek verification of service from the Army, the organization most likely to have information about the service of Filipino Veterans. But ultimately, eligibility for the payment is not the Army's responsibility to make; under the law, it is the Secretary who must make the eligibility determination based on the record evidence. Consistent with the Secretary's concession and the disposition of *Dela Cruz*, we therefore affirm-in-part and remand to the Veterans Court to hold the case in abeyance pending consideration by the Corrections Board. We enter judgment *nunc pro tunc* as of the date this case was submitted, December 3, 2018.

## AFFIRMED-IN-PART AND REMANDED

Costs

No costs.